IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV370

| | |
|---|---|
| JUAN CARLOS MORALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| Lt. JASON HONEYCUTT, et al. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss, filed February 6, 2006.

Plaintiff commenced this action on December 19, 2005, alleging that Defendants Lt. Jason Honeycutt and Lt. James Hammond,[1] violated his constitutional rights. More specifically, he alleges that on or about November 18, 2005, after he was admittedly disruptive, the Defendants injured his wrists by improperly placing him in a restraining chair. The Plaintiff alleges further that he was physically abused while in the restraining chair and that an officer threatened to tamper with his food, causing the Plaintiff to avoid eating the prison's cafeteria food for 38 days. Finally, the Plaintiff alleges that he filed a grievance regarding the incident on November 11, 2005, but that the grievance officer lost it, did not respond, and did not provide the Plaintiff with a copy for his records. Plaintiff filed a second grievance on December 25, 2005.

---

[1] Plaintiff also sued the Buncombe County Detention Facility and the Sheriff. These Defendants were dismissed in an Order issued on January 12, 2006.

Defendants filed the instant Motion to Dismiss asserting that the Plaintiff did not exhaust the available administrative remedies before filing the Complaint pursuant to 42 U.S.C. § 1997(e). They contend that the Plaintiff filed a grievance with the detention facility on December 25, 2005, six days after he filed his Complaint with this Court, and thus could not have exhausted the facility's administrative remedies first. Defendants deny the first grievance was lost.

A dismissal is properly granted where, construing allegations in the light most favorable to the Plaintiff and assuming facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F.3d at 872 (4th Cir. 1989). While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to the plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. V. J.D. Assoc.'s, LLP., 213 F.3d 175, 180 (4th Cir. 2000).

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997(e). Specifically the PLRA sets forth that "[n]o actions shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). Section 1997(e)'s exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

Exhaustion of administrative remedies during the pendency of a federal case is insufficient to satisfy § 1997(e)'s exhaustion requirement. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003);[2] McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Miller v. Tanner, 196 F.3d 1190, 1192 (11th Cir. 1999); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999); see also Nyhuis v. Reno, 204 F.3d 65, 71 (3rd Cir. 2000) and Garrett v. Hawk, 112 F.3d 1262, 1265 (1997). For the reasons set forth in these cases, this Court holds that a prisoner's administrative remedies must be fully exhausted before the prisoner files suit in federal court.

In the instant case, the Plaintiff filed the only grievance on record six days after filing a Complaint with this Court and thus does not satisfy § 1997(e) pre-suit exhaustion requirement. Even if taken as true, Plaintiff's allegation that his first grievance was lost does not excuse his failure to exhaust prior to filing his Complaint. That is, there is no evidence that Plaintiff attempted to follow up regarding his lost grievance prior to filing suit. Indeed, it appears that when he filed another grievance it was processed without incident. An inmates claim of a lost grievance without any follow-up is insufficient to excuse the PLRA's exhaustion requirement. As a result, this Court will dismiss Plaintiff's Complaint.

---

[2] To preserve resources the Johnson court did not require the district court to dismiss the case at issue. However, it cautioned "that, should the district court be faced with identical circumstances in the future, dismissal is required under section 1997e." Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** <u>without prejudice</u> for failure to exhaust his administrative remedies.

Signed: August 28, 2006

Graham C. Mullen
United States District Judge